**The below described is SIGNED.**

**Dated: January 05, 2007**  _____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Interlake Reliable Utah, LLC,** | Bankruptcy Number 01-38020 |
| Debtor. | Chapter 7 |
| | |
| **Jamis Johnson, Danell Johnson** | |
| **D.M. Johnson & Associates, LLC**, | Adversary Proceeding No. 06-2561 |
| Plaintiffs, | |
| v. | Judge: William T. Thurman |
| Elizabeth Loveridge and the law firm of Woodbury & Kesler, P.C., | |
| Defendants. | |

### MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO REMAND

The matter before the Court is the Defendants' Motion to Remand this adversary proceeding to Utah State Court. The Court held a hearing on this matter on January 4, 2007. The parties appeared and presented oral arguments. Based upon the same, the Court issues this Memorandum Decision as its findings of fact and conclusions of law.

Plaintiffs removed this adversary proceeding to this Court under 28 U.S.C. § 1452, which requires the Court to find that it has jurisdiction over each claim removed. The Court determines that it lacks jurisdiction over the claims at issue, and accordingly grants the Defendants' Motion to Remand.

## I.   JURISDICTION AND VENUE

The Court has jurisdiction to at least consider the Motion to Remand under 28 U.S.C. § 1334. Venue is appropriate under 28 U.S.C. § 1409(1).

## II.   BACKGROUND

On December 4, 2001, Interlake Reliable, LLC ("Interlake") filed for chapter 11 bankruptcy relief before this Court. Jamis Johnson, one of the Plaintiffs in this matter, signed the chapter 11 petition as counsel for the debtor. The Court entered an order converting the case to one under chapter 7 on August 8, 2002. Elizabeth Loveridge, one of the Defendants in this matter, was appointed the chapter 7 trustee.

At the time of filing, the debtor's principal asset was residential property located at 1408 Military Way, Salt Lake City, Utah in the possession and control of Mr. Johnson. The home was encumbered by one mortgage interest and a disputed lis pendens. The home was also subject to a lease held by D.M. Johnson & Associates, LLC, one of the Plaintiffs in this matter.

On September 18, 2002, the debtor filed a Motion to Dismiss its chapter 7 bankruptcy case, arguing that dismissal was in the best interest of creditors and further stating that dismissal was favored by all creditors of the estate. The Motion to Dismiss was opposed by Ms. Loveridge, acting in her capacity as chapter 7 trustee, and by the mortgagee secured on the home. The Court held hearings on the Motion to Dismiss on October 15, 2002, November 12,

2002 and November 20, 2002. Upon stipulation of all parties in interest, the Court dismissed the case on November 20, 2002.

On November 21, 2006, the Plaintiffs commenced an action against Ms. Loveridge and her law firm in a Utah State Court seeking damages for intentional infliction of emotional distress, negligent infliction of emotional distress and abuse of process ("State Court Action"). The Defendants are being sued for actions taken while administering Interlake's chapter 7 bankruptcy case. The Plaintiffs did not seek Bankruptcy Court permission to file their claims in state court.

On November 21, 2006, the Defendants filed a Motion to Dismiss the State Court Action for three reasons. They first argued that the State Court lacked subject matter jurisdiction under the so-called "Barton Doctrine"[1] because the Plaintiffs failed to obtain permission from the Bankruptcy Court before filing the Action. They also argued that the claims asserted were barred by Utah's statute of limitations and that they failed to state a claim upon which relief may be granted. Following that, the Plaintiffs removed the entire Action to this Court on November 30, 2006 by filing a Notice of Removal with the State Court.

The Defendants now move to have the Court remand the Action back to State Court. They argue that this Court lacks subject matter jurisdiction over the Action and that the Plaintiffs filed the Notice of Removal untimely under Bankruptcy Rule 9027. Aside from those arguments, the Defendants argue that the Court should remand the Action to State Court because it is required to abstain from the adversary proceeding under 28 U.S.C. § 1334.

---

[1] See Springer v. The Infinity Group Co., 189 F.3d 478 (10th Cir. 1999) (Unpublished Decision) (citing Barton v. Barbour, 104 U.S. 126 (1881)).

*3*

The Plaintiffs dispute these arguments, and also argue that if this Court remands this proceeding to State Court, it should do so with a *nunc pro tunc* order authorizing the Action to proceed without being barred by any applicable statutes of limitations. They argue that if the matter is remanded to State Court, the Defendants' Motion to Dismiss may be granted, in which case the Plaintiffs may be barred by from raising their claims anew by statutes of limitations. To avoid this result, the Plaintiffs request that any order this Court issues remanding the case should provide them relief *nunc pro tunc* to avoid any problems with statutes of limitations.

**III.    ANALYSIS**

    1.    <u>Motion to Remand</u>:

Since Bankruptcy Courts are courts of limited jurisdiction, 28 U.S.C. § 1452 provides that any party may remove a claim or cause of action to a bankruptcy court so long as the court has jurisdiction over the claim or cause of action under 28 U.S.C. § 1334. This provision is the only authority available to a Plaintiff seeking to remove an issue to federal court.[2] Thus, a bankruptcy court must evaluate a Motion to Remand a removed proceeding by asking only whether it has jurisdiction over the issues removed. Under 28 U.S.C. § 1334, bankruptcy courts have jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." Courts interpret this provision to grant bankruptcy courts jurisdiction over two types of proceedings — "core" proceedings and "related" proceedings.[3] "Core" proceedings are those

---

[2] Whereas 28 U.S.C. § 1441 allows removal of entire cases rather than single causes of actions, that provision is limited to removal by Defendants.

[3] <u>In re Gardner</u>, 913 F.2d 1515, 1517-18 (10th Cir. 1990).

which may not exist outside of bankruptcy.[4] An issue is subject to "core" jurisdiction if it arises under a right provided by the Bankruptcy Code itself.[5] "Related" proceedings are those which could otherwise be brought in a non-bankruptcy court but which may impact a bankruptcy case.[6] The definition of a bankruptcy court's "related" jurisdiction is broad, extending to all proceedings whose outcome could conceivably impact a bankruptcy estate.[7]

On the facts of this case, the Court concludes that it lacks subject matter jurisdiction over the removed Action pursuant to 28 U.S.C. § 1334. The claims at issue are not "core" proceedings because they are based on causes of action which arise under Utah law and not under the Bankruptcy Code. The claims are also not "related" proceedings because there is no longer a bankruptcy estate in existence which might be impacted by the Action. Interlake's bankruptcy case was dismissed. Thus, under § 349(b)(3) of the Bankruptcy Code the estate no longer holds any property or rights. Any damages or judgment obtained by the Plaintiffs in this Action cannot possibly impact a bankruptcy estate which holds no assets. The claims are not claims of the estate; they are claims of the Debtor's principals, its attorney or its lessees.

The Court determines that under the facts of this case, it lacks jurisdiction over the causes of action at issue. For that reason, the Plaintiffs were not authorized by 28 U.S.C. § 1452 to remove their claims to this Court. The Defendant's Motion to Remand should be granted.

---

[4] Id. at 1518 ("Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings.").

[5] Id.

[6] Id.

[7] Id. (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).

*5*

In light of the Court's decision that it lacks jurisdiction under 28 U.S.C. § 1334 to consider the Action, the Court need not address the remaining arguments raised by the Defendants in their Motion to Remand.

2. Request for *Nunc Pro Tunc* Relief:

The Plaintiffs request that any remand order this Court issues should provide them relief to avoid a potential problem with statutes of limitations in the event the State Court grants the Defendant's Motion to Dismiss. They argue that the interests of justice would be injured if the State Court grants the Defendants' Motion to Dismiss and if the Plaintiffs are barred from bringing their causes of action by statutes of limitation. It is unclear to the Court whether it even has authority to grant the relief requested.[8] Nevertheless, the Court determines that even if it does have discretion to grant the relief, such relief is inappropriate on the facts of this case. Courts may grant *nunc pro tunc* relief only under extraordinary circumstances.[9] That a party may be barred from raising a claim by a statute of limitations is not extraordinary; it is an intended consequence of statutes of limitation. The facts of this case do not support *nunc pro tunc* relief. Accordingly, their request that any remand order contain *nunc pro tunc* relief should be denied.

## IV. CONCLUSION

The Defendants' Motion to Remand should be GRANTED without *nunc pro tunc* relief. A separate order accompanies this Memorandum Decision.

---

[8] W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001) (quoting Central Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642, 644) ("[T]he only proper office of a *nunc pro tunc* order is to correct a mistake in the records; it cannot be used to rewrite history.").

[9] In re Land, 943 F.2d 1265, 1267 (10th Cir. 1991).

_____End of Document_____

Service of the foregoing **MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO REMAND** will be effected through the Bankruptcy Noticing Center to each party listed below.

Donald Purser
2735 East Parleys Way, #305
Salt Lake City, UT 84109

Jamis Johnson
352 South Denver Street, Suite 304
Salt Lake City, UT 84111

David Williams
Elizabeth Loveridge
Woodbury & Kesler
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358